# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-0219V**

| | |
|---|---|
| IGNACIO MONTES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2026 |

*William I. Goldsmith, Goldsmith & Hull, APC, Northridge, CA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 27, 2020, Ignacio Montes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2 (the "Vaccine Act"). Petitioner alleges that he received an influenza vaccine on March 1, 2017, resulting in Guillain-Barré syndrome, a Table injury (42 C.F.R.§§ 100.3(a), (c)(15)). Petition (ECF No. 1). On September 10, 2025, I issued a decision dismissing the petition. ECF No. 45.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,654.30 (representing $16,966.80 in fees plus $3,687.50 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed March 9, 2026, ECF No. 48. Furthermore,

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. *Id.* at 4.

Respondent reacted to the motion on March 17, 2026, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 50. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." Wasson, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the following rates for attorney William Goldsmith and paralegal Jennifer Meyers:

|     | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|-----|------|------|------|------|------|------|------|------|------|
| WG  | X    | X    | $550 | $484 | $509/$450/$500[2] | $450 | $450 | X | $625 |
| JM  | $140 | $150 | $160 | $160 | X    | X    | $150/$180 | $190 | $200 |

ECF No. 48 at 25-34.

These requested rates require an adjustment.

Mr. Goldsmith was previously awarded the following rates: $440.00 per hour for time billed in 2019; $460.00 per hour for time billed in 2020; $480.00 per hour for time billed in 2022; and $495.00 per hour for time billed in 2022-23. *See Behar v. Sec'y of Health & Hum. Servs.,* No. 18-0280V, 2022 WL 17850349, (Fed. Cl. Spec. Mstr. Dec. 5, 2022); *Griswold v. Sec'y of Health & Hum. Servs.,* No. 19-1674V, 2023 WL 4420378 (Fed. Cl. Spec. Mstr. May 30, 2023). I find no reason to deviate from the previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, I reduce the rates to be consistent with *Behar and Griswold*. **Application of the foregoing reduces the fees to be awarded herein by $474.40.**[3]

Petitioner has also requested the hourly rate of $625.00 for work performed by Mr. Goldsmith in 2025, representing an increase of $130.00 from his last awarded rate in 2023. Although the proposed new rate falls within the experience range provided in OSM's recently updated Fee Schedules[4] for similarly-situated attorneys, I find the specifically-requested increase to be excessive (solely because it exceeds in magnitude the rate increases awarded for this attorney in past years – not because of any concerns with the quality of his work, which remains high). Rather, based on my experience

---

[2] Attorney Goldsmith billed three different rates for time billed in 2021.

[3] This amount is calculated as follows: ($550 - $440 = $110 x 2.50hrs = $275) + ($484 - $460 = $24 x 2.50 hrs = $60) + ($509 - $480 = $29 x 4.60 hrs = $133.40) + ($500 - $480 = $20 x 0.30 hrs = $6) = $474.40.

[4] The OSM Attorneys' Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

3

applying the factors relevant to determining proper hourly rates for Program attorneys,[5] a rates of $564.00 will be awarded for time billed in 2024[6] and a rate of **$610.00 per hour** is more appropriate for time billed by Mr. Goldsmith in 2025, given his relevant experience. **Application of the foregoing reduces the fees to be awarded by $33.00**.[7]

The rates requested for work performed by paralegal Jennifer Meyers are reasonable and are hereby awarded herein.

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 49. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $20,146.90 (representing $16,459.40 in fees plus $3,687.50 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[6] Although Mr. Goldsmith did not bill time in 2024 in this matter, an hourly rate was calculated and awarded for any potential future billing that may be outstanding.

[7] This amount is calculated as: ($350 - $330 = $20 x 1.10 hrs.) = $22.00.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.